**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6725**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO ANTOINE DARDEN, a/k/a Dizz-e, a/k/a Javon,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:11-cr-00052-AWA-LRL-1)

Submitted:  December 19, 2024                    Decided:  January 13, 2025

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Roberto Antoine Darden, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Antoine Darden appeals the district court's order dismissing without prejudice his third Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 motion and denying or dismissing his five petitions for a writ of mandamus.[1]  We affirm.

A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion.  *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).  We review the district court's ruling de novo.  *Id.* at 397.  Our review of the record confirms that the district court properly construed Darden's third Rule 60(b) motion as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400; *see also Bixby v. Stirling*, 90 F.4th 140, 148 (4th Cir. 2024) (explaining that Rule 60(b) motion should be treated as successive habeas petition where it "seeks to revisit the federal court's denial *on the merits* of a claim for relief" (internal quotation marks omitted)).

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Darden's notice of appeal and informal brief as an application to file a second or successive § 2255 motion.  Upon review, we conclude that Darden's claims

---

[1]  Contrary to Darden's assertion, the district court's order is a final order over which we have jurisdiction.  *See Martin v. Duffy*, 858 F.3d 239, 246-47 (4th Cir. 2017).

do not meet the relevant standard. *See* 28 U.S.C. § 2255(h).   We therefore deny authorization to file a successive § 2255 motion.

Turning to Darden's mandamus petitions, we review de novo the district court's determination that Darden did not satisfy the requirements for mandamus relief. *See Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995).  We have reviewed the record and find no reversible error in the district court's determination that Darden's first, second, and fourth mandamus petitions sought relief unavailable by way of mandamus.[2] *See United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999) (discussing requirements for mandamus); *see also United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) (discussing § 2255's role as "the exclusive method of collaterally attacking a federal conviction or sentence").

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We limit our review to the three mandamus petitions Darden addresses in his informal brief. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting appellate review to issues raised in informal brief).

3